UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-61680-CIV-SEITZ/WHITE

ROLAND PALMER,

        Petitioner,

v.

WALTER MCNEIL,

        Respondent.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE

THIS MATTER is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Patrick A. White [DE-14]. Judge White recommends dismissing Roland Palmer's ("Palmer's") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which challenges Palmer's Florida convictions for attempted carjacking, battery on a law enforcement officer and tampering with physical evidence.

In recommending that the Court deny Palmer's Petitioner, Judge White specifically found that none of Palmer's three claims for ineffective assistance of counsel have merit. First, Judge White found that Palmer's counsel was not ineffective for failing to file a motion to suppress his statements to law enforcement because his counsel was not deficient for failing to anticipate the standard waiver form Palmer signed would later be declared unconstitutional, and Palmer suffered no prejudice in light of the overwhelming evidence of his guilt. Second, he found that Palmer's counsel was not ineffective in failing to move to strike a juror, Joanie Walker ("Walker") for cause when the motion would have been denied and there was no reason to believe Palmer was denied a

1

fair trial because Walker was on the jury. Finally, Judge White found that Palmer's counsel was not ineffective for failing to call two exculpatory witnesses because Palmer agreed to the strategic choice not to call those witness and their testimony would have been duplicative. Palmer has filed a timely set of objections with respect to all three claims. Having reviewed *de novo* Palmer's Petition, Judge White's thorough R&R, Palmer's objections thereto, the record and pertinent legal authorities, the Court finds that Judge White's factual determinations are not clearly erroneous and he correctly applied the law to those facts. Therefore, the Court will affirm and adopt Judge White's R&R, and dismiss the Petition.[1]

1. **Motion To Suppress (Claim One)**

Palmer first claims that his counsel was ineffective in failing to file a motion to suppress his statements to law enforcement because he read and signed a *Miranda* warning card that did not state Palmer had a right to have counsel present during questioning or provide that he could stop the interrogation at any time. (DE-1, Petition at 6). Palmer does not challenge Judge White's factual findings as to content of his statements and the cumulative testimony presented at his trial, but simply asserts that he would not have signed the waiver form had he been informed that he had a right to have counsel present during questioning. Essentially, Palmer argues that he was prejudiced at trial because, had the waiver card provided the requisite information, he never would have made a statement to law enforcement. However, Judge White found that Palmer's statements were, in part,

---

[1] Palmer claims at the outset of his objections that Judge White has concluded that Palmer has "met the first prong of *Strickland* for ... ineffectiveness, deficient performance." (DE-15, Objections at 2). However, as described above in the summary of his R&R, Judge White concluded that Palmer's counsel was not deficient with respect to *any* of the three claims. While Palmer later raises an objection regarding his second claim that challenges his counsel's performance, he fails, with respect to his first and third claims, to challenge Judge White's recommendation that Palmer's counsel did not perform deficiently. As the Court agrees with that recommendation, the Court would deny Palmer's first and third claims solely on the ground that Palmer's counsel did not perform deficiently. However, it will still proceed to address Palmer's objections as to his first and third claims.

exculpatory and, to the extent they were not, such statements were admitted harmlessly because the testimony of the other witnesses was more than sufficient to sustain Palmer's convictions. (R&R at 11-12).[2] The Court agrees with those factual findings and Judge White's conclusion that Palmer has not shown that he was deprived of a fair trial even if one assumes the statements were admitted erroneously.[3]

### 2. Motion To Strike Juror Walker For Cause (Claim Two)

Second, Palmer claims that his counsel was ineffective in failing to move to strike Walker, who stated during *voir dire* that she had friends and family in law enforcement, was a victim of a crime "[n]ot relevant" to Palmer's case and was not sure if she could be impartial as a result. (Petition at 7; R&R at 15-16). However, Walker also stated she could follow the Court's instructions, indicated later in jury selection proceedings that she did not object to the presumption-of-innocence, State's burden and reasonable doubt concepts, and then remained silent when asked whether she would have difficulty in applying those concepts or could not be fair given the nature of the charge. (R&R at 18).

Palmer argues that these facts give rise to a reasonable doubt that Walker was able to be impartial, implying that his counsel was deficient in not moving to strike Walker for cause. While

---

[2] While the opinion has no direct impact on the outcome of this case, the Court notes that the United States Supreme Court issued an opinion in *Florida v. Powell*, __ U.S. __, 130 S. Ct. 1195 (Feb. 23, 2010), a case concerning the proper form of *Miranda* warnings that Judge White referenced in his R&R, after the R&R was issued. After finding that it had jurisdiction because the Florida Supreme Court's opinion did not clearly rest on adequate and independent state grounds, the United States Supreme Court reversed the Florida Supreme Court and held that officers' warnings to the petitioner that he had the right to talk to a lawyer before answering any question and that he could use any right at any time during the interview were adequate because they reasonably conveyed to him that he had the right to have an attorney present, not only at the outset of the interrogation, but at all times.

[3] Judge White also concluded that Palmer's counsel did not perform deficiently in failing to challenge the standard waiver form years before it was found constitutionally inadequate. (R&R at 10). As indicated in note 1, *supra*, Palmer does not object to this conclusion and, as the Court agrees with it, his first claim could be dismissed on this ground alone.

3

Palmer has correctly identified the Florida standard the trial court was to employ in determining whether Walker should have been removed, he fails to object to Judge White's factual findings concerning the *voir dire* proceedings (*see* R&R at 16-20) or present any analogous legal authority to rebut Judge White's legal conclusion that Palmer's counsel was not deficient in light of Walker's affirmations that she could follow the trial court's instructions. Having reviewed the record and pertinent legal authorities, the Court agrees with Judge White's conclusion and would deny Petitioner's claim on that ground alone. Moreover, however, Palmer does not argue that the outcome of his trial would have been different had Walker been removed from the jury, thereby failing to satisfy his burden to demonstrate prejudice.

### 3.   Failure to Call Charlotte Beard and Nancy Brannon (Claim Three)

Finally, Palmer claims that his counsel was ineffective for failing to adequately investigate the case and call as exculpatory witnesses two women, Charlotte Beard ("Beard") and Nancy Brannon ("Brannon"), who were seated in a car and talking with Palmer when a plainclothes detective approached him and initiated the events leading to Palmer's arrest. (Petition at 9; R&R at 20-21). Palmer does not object to any of Judge White's factual findings, but argues that if those witnesses were called to testify, "surely a different outcome would have resulted at his trial," at least in part because their testimony would have established that the detective would have had no reasonable suspicion to initiate an investigatory stop. However, Palmer does not dispute Judge White's factual findings that the detective identified himself as an officer as soon as he made contact with Palmer, asked Palmer if he would submit to a search for drugs or weapons, and that Palmer *consented* to the search. (R&R at 6). When the detective became suspicious that Palmer was concealing contraband in his month and asked Palmer to open his mouth, Palmer willingly

4

complied, showing the detective broken pieces of crack cocaine. (*Id.*). Palmer does not claim these two witnesses would rebut this testimony, and he has not satisfied his burden to show that he could establish the absence of reasonable suspicion. Palmer has not otherwise argued that he was prejudiced by the failure to present these witnesses' testimony, and the Court agrees with Judge White's conclusion that Palmer was not prejudiced at trial.[4] Having found that Judge White properly recommended the dismissal of all three of Palmer's ineffective assistance claims[5], it is hereby

ORDERED THAT

(1) The Magistrate Judge's Report and Recommendation [DE-14] is AFFIRMED AND ADOPTED.

(2) The Petition For Habeas Corpus under 28 U.S.C. § 2254 [DE-1] is DENIED.

(3) All pending motions not otherwise ruled upon are DENIED AS MOOT and this case is CLOSED.

DONE and ORDERED in Miami, Florida this 3rd day of August, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record/Pro Se Parties

---

[4] Judge White concluded that Palmer's counsel did not perform deficiently in failing to call Bear and Brannon because his counsel investigated the facts of the case, identified Charlotte Beard on his witness list and made a strategic decision not to call exculpatory witnesses, a decision Palmer stated his agreement with on the record at trial. (R&R at 21-24). As indicated in note 1, *supra*, Palmer does not object to this conclusion and, as the Court agrees with it, Palmer's third claim could be dismissed on this ground alone.

[5] The Court also agrees with the R&R that, in the absence of any proof that his counsel performed deficiently, Palmer's claim that the cumulative effect of his counsel's errors deprived him of a fair trial is meritless.